IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 0 6 2026

KEVIN P. WEIMER, Clerk
By: [signature]
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Information |
| v. | No. 1:26-cr-001 |
| JAMARCUS MOSLEY | |

THE UNITED STATES ATTORNEY CHARGES THAT:

**Background**

At all times relevant to this Information:

1. Beginning no later than in or about April 2022 and continuing until in or about May 2025, the defendant, **JARMARCUS MOSLEY**, devised and executed a scheme to take over Snapchat, Instagram, and other social media accounts of hundreds of young women and men residing across the United States, including accounts belonging to minors. By unlawfully taking over the accounts, defendant **MOSLEY** gained access to the victims' electronically stored images and videos, which he used to extort and threaten the victims.

2. Snapchat was a social media application and service offered by Snap Inc. that allowed users to share photos, videos, and messages — commonly called "snaps" — with other users. Snaps can be directed privately to selected contacts or to a more public "story." Unless the sender or recipient chooses to save a snap, the snap is automatically deleted, either after the content is sent or after it is opened. Snapchat also offered users the ability to save photos and videos in a private, passcode-protected portion of the application called "My Eyes Only."

3. Instagram was a social media application and service offered by Meta Platforms Inc. (formerly Facebook Inc.) that enabled users to, among other things, share photos and videos and to communicate with one another through "direct messages." Direct messages can be comprised of text, images, and videos.

4. Defendant **MOSLEY** used different methods to take over the victims' social media accounts, including contacting the victims on social media and pretending to be a friend of the victim. By way of example:

    a. On or about April 5, 2022, defendant **MOSLEY** messaged Victim-1, who resided in the Northern District of Georgia, using an Instagram account purportedly being used by Victim-2. Victim-1 and Victim-2 knew each other from high school. Defendant **MOSLEY**, pretending to be Victim-2, asked Victim-1 for assistance in recovering their Snapchat account. Victim-1 agreed, believing she was communicating with Victim-2, and provided a Recovery Passcode to Victim-1's Snapchat account, which defendant **MOSLEY** used to take over Victim-1's Snapchat account, including gaining access to the "My Eyes Only" portion of Victim-1's Snapchat account in which Victim-1 had saved various nude images and videos.

    b. After gaining control of Victim-1's Snapchat account, defendant **MOSLEY**, pretending to be Victim-2, sent a direct message to Victim-1 containing two nude images and one sexually explicit video that Victim-1 had made with her then-boyfriend when Victim-

2

      1 was 16 years old. Defendant **MOSLEY**, via direct message, threatened Victim-1: "I got 65 videos and picture of you about to get posted."

  c. Defendant **MOSLEY** had previously taken over Victim-2's Snapchat account and stolen nude images from that account. After taking over Victim-2's Snapchat account, defendant **MOSLEY** threatened Victim-2 that he would release her nude images unless Victim-2 provided her Instagram login credentials. Victim-2, who resided in the Northern District of Georgia, provided defendant **MOSLEY** her Instagram login credentials.

5. As the foregoing example illustrates, defendant **MOSLEY** used the victims' images and videos to extort them into gaining control over their social media accounts. At various times, defendant **MOSLEY** also threatened to release victims' nude images and videos (including sexually explicit images and videos) and lock victims out of their social media accounts if they did not: (i) provide him complete access to their social media accounts, (ii) send him sexually explicit videos, and (iii) send him money.

6. Over the course of the scheme, defendant **MOSLEY** took over hundreds of social media accounts, gaining access to thousands of nude images and videos belonging to hundreds of victims.

### Count One
(18 U.S.C. § 1030 – Computer Fraud and Abuse)

7. The United States Attorney re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 6 of this Information as if fully set forth here.

8. In or about April 2022, in the Northern District of Georgia and elsewhere, the defendant, **JAMARCUS MOSLEY**, did intentionally access a computer without authorization, and thereby obtained information from a protected computer, through Victim-1's and Victim-2's Snapchat accounts, and the offense was committed in furtherance of a criminal act in violation of the laws of the United States, specifically violations of 18 U.S.C. § 875(d) (extortion) and 18 U.S.C. § 2261A(2)(B) (cyberstalking), all in violation of Title 18, United States Code, Sections 1030(a)(2)(C) & (c)(2)(B)(ii).

### Count Two
(18 U.S.C. § 875 – Extortion)

9. The United States Attorney re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 6 of this Information as if fully set forth here.

10. In or about July 2022, in the Northern District of Georgia and elsewhere, the defendant, **JAMARCUS MOSLEY**, with intent to extort from Victim-3, money and other things of value, knowingly transmitted in interstate commerce any communication containing any threat to injure the property and reputation of Victim-3, that is, electronic messages to Victim-3, containing threats to injure

the property and reputation of Victim-3, in violation of Title 18, United States Code, Section 875(d).

## Count Three
(18 U.S.C. § 2261A – Cyberstalking)

11. The United States Attorney re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 6 of this Information as if fully set forth here.

12. Beginning no later than on or about December 9, 2022, and continuing until at least on or about December 10, 2022, in the Northern District of Georgia and elsewhere, the defendant, **JAMARCUS MOSLEY**, with the intent to harass and intimidate a minor female, Victim-4, used interactive computer services, electronic communication services, and electronic communication systems of interstate commerce, including Snapchat, and any other facility of interstate or foreign commerce, including the Internet, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim-4, and an immediate family member of Victim-4, in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(5).

## Forfeiture

13. Upon conviction of the offense alleged in Count One of this Information, the defendant, **JAMARCUS MOSLEY**, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as a result of such offense, including, but not limited to, a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One and, pursuant to Title 18, United States Code, Section 1030(i), any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offense.

14. Upon conviction of the offense alleged in Count Two of this Information, the defendant, **JAMARCUS MOSLEY**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation of this offense including, but not limited to, a money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense.

15. If any property subject to forfeiture, as a result of any act or omission of Defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property.

THEODORE S. HERTZBERG
*United States Attorney*

ALEX R. SISTLA
*Assistant United States Attorney*
Georgia Bar No. 845602

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181