IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>JAMARCUS MOSLEY | Criminal Action No.<br>1:26-cr-00001-MLB |

**Government's Motion to Reconsider the Continuance of the Sentencing Hearing**

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Jessica Morris, Assistant United States Attorney for the Northern District of Georgia, files this Motion to Reconsider the Continuance of the Sentencing Hearing. As discussed more fully below, the Government asks the Court to revisit its rescheduling of the Sentencing Hearing in this case following Defendant's opposed motion and to reset the hearing for Wednesday, October 7, 2026, or some other date prior to November 1, 2026. Putting aside the propriety of continuing a sentencing date due to a prospective Guidelines change[1], here, the continuance creates unnecessary work for the United States Probation Office and undermines a carefully crafted plea agreement.

---

[1] In a published Seventh Circuit opinion, Judge Posner makes a very compelling argument that changing a sentencing date based solely upon an anticipated Guidelines amendment is not appropriate. *See United States v. Tanner*, 544 F.3d 793, 796-97 (7th Cir. 2008). In this case, Defendant's continuance request was based solely on such a thing. (Doc. 15).

**1. Procedural Posture**

On January 6, 2026, Defendant waived indictment in connection with a three-count Criminal Information charging him with Computer Fraud and Abuse, in violation of 18 U.S.C. § 1030; Extortionate Threats, in violation of 18 U.S.C. § 875(d); and Cyberstalking, in violation of 18 U.S.C. § 2261. (Docs. 1 and 2). On February 26, 2026, Defendant pled guilty to the Information pursuant to a written plea agreement. (Docs. 7 and 7-1). The sentencing hearing was originally scheduled for May 27, 2026, and has been continued multiple times. (*See e.g.* Docs. 8 and 11).

On October 1, 2026, Defendant filed a motion to continue the sentencing date to sometime beyond November 1, 2026, alleging the forthcoming Guidelines Amendments related to USSG § 2B1.1(b)(1) would result in a favorable change, thereby yielding a lower final guideline range. (Doc. 15). Defendant's motion accurately stated the Government's opposition to the requested continuance. (*Id.*). The Court granted Defendant's motion soon after it was filed and moved the sentencing hearing to November 5, 2026. Defendant is on bond. (Doc. 5).

2. **Defendant's Conduct**

Through a combination of deception and threats, in conduct spanning 2020 to 2025, Defendant took control of the social media accounts of hundreds of young people to access their privately stored photos and content. (PSR ¶¶ 9-52). Once he gained access, he extorted and threatened his victims, demanding that he send them additional sexually explicit videos or pictures, or risk his posting of compromising images he already obtained. (*Id.*). Defendant continued engaging

in this conduct after being interviewed and confronted by law enforcement. (PSR ¶¶ 26,27, 97).

The Government considered Defendant's egregious conduct alongside the victims' desires not to revisit such humiliating events in negotiating the plea agreement. Defendant's conduct impacted hundreds of young people throughout the county, and although many did bravely report their victimization to law enforcement, it is safe to say that most would prefer to never revisit this chapter of their lives.

Defendant's status as a youthful, and in many ways vulnerable offender, was also considered in negotiating the plea. Defendant began this conduct when he was in high school, and it spanned into his young adulthood. His upbringing presents a tragic combination of adverse childhood experiences, including physical abuse, housing instability and exposure to controlled substances. (PSR ¶¶ 134-138).

**3. Guideline Stipulations, Proposed Amendments and the Impact of Continuance**

The parties' plea agreement, entered by Defendant on February 24, 2026, includes extensive Guidelines stipulations. (Doc. 7-1 ¶¶ 13-17). The parties agreed on the relevant base offense level and specific offense characteristics for each of the three counts. (*Id*. ¶¶ 13-15). The parties also agreed that the multiple count adjustment properly resulted in a "3-level upward adjustment" pursuant to Section 3D1.4. (*Id*. ¶16).

Unless Defendant engages in conduct in consist with acceptance of responsibility, the Government agreed to recommend a custodial sentence of 60 months to be followed by three years of supervised release. (Doc. 7-1 ¶ 20). The plea agreement does not place any restrictions on Defendant's ability to argue for a particular sentence.

While the Court is not bound to accept the parties' Guidelines' agreements, the significant advantage of Guideline stipulations is that it makes it more likely that the parties—and the Court—may focus their attention at sentencing on non-Guidelines sentencing factors, such as the nature and circumstances of the offense and Defendant's background.

Probation has already prepared a thorough PSR including complicated Guideline calculations and a detailed social history of the defendant. The parties have reviewed the PSR and submitted objections.

If the sentencing hearing occurs on October 7, 2026, or some other date prior to November 1, 2026, the parties will likely be able to focus their advocacy, as described above, on everything *but* the Guidelines. This is as it should be insofar the parties painstakingly negotiated a plea agreement with detailed Guidelines stipulations.

When the Court quickly granted Defendant's Motion to Continue Sentencing on October 1st, the decision may have been based on general principles of lenity without regard for the unique context of this case.

Defendant's motion for continuance referenced only the proposed Amendment related to the loss table in §2B1.1. (Doc. 15). The potential Guideline

changes applicable to this case are more complicated than a simple change to the loss table, however. In the proposed Guidelines Amendments, the current provisions regarding multiple count adjustments are erased and replaced with a single guideline at §3D1.1 and a different methodology.[2] Per the undersigned's conversation with the Probation Officer on Friday, October 2, 2026, this change will require the Probation Office to reanalyze the Guidelines and issue revised Guidelines calculations, further pushing back the sentencing date.

The Court is free to consider (most) anything at sentencing, including defense arguments regarding proposed Guidelines. Per the plea agreement, Defendant may advocate for any sentence it deems appropriate. In fact, Defendant *already lodged an objection* to paragraph 58 of the final PSR based on his view of the forthcoming Guideline amendment. (*See* PSR ¶ 59 and Probation Officer's Response). Absent defense conduct inconsistent with acceptance of responsibility, the Government will stick to its recommendation of 60 months, followed by three years of supervised release.

Neither principles of fairness nor the law require the Court to move the sentencing hearing to a date beyond November 1st. Moving the date beyond November 1st does, however, create more work on the already strained resources of the probation office. Moving the date also shifts the landscape underpinning the parties' carefully crafted plea agreement, effectively negating many of the stipulations.

---

[2] Amendments to the Sentencing Guidelines, pub. April 30, 2026, effective Nov. 1, 2026 at 49 (discussing changes to multiple count adjustment rules).

**Conclusion**

For the reasons stated above, the Government respectfully requests that the Court place the Defendant's sentencing hearing back on the calendar for Wednesday, October 7, 2026, or some other date prior to November 1, 2026.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/JESSICA C. MORRIS
*Assistant United States Attorney*
Georgia Bar No. 100907
Jessica.Morris3@usdoj.gov